**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CAROLINE ABISOLA OKUTUGA,
   Plaintiff,

   v.

ROBERT MILLER, *et al.,*

   Defendants.

Civil Action No.:  SAG-25-1979

**MEMORANDUM OPINION**

Self-represented plaintiff Caroline Abisola Okutuga filed the above-captioned Complaint together with a Motion to Proceed in Forma Pauperis.  ECF Nos. 1, 2.  Plaintiff then filed a "supplement" to her Complaint, which this Court will construe as an Amended Complaint, ECF 7. Her Complaint must be dismissed for the reasons stated below, and her motion to proceed in forma pauperis will be denied as moot.

Plaintiff, a Maryland resident, brings this Complaint against Robert Miller, identified as the "CEO of Safeway" who resides in California, ECF 7 at 2, and an "unknown employee/cashier" of a Maryland Safeway store. ECF 7 at 4. Although the complaint is not a model of clarity, it appears to allege that the unknown employee "used a mechanism to remove funds" from Plaintiff's EBT cash card.

Federal courts are courts of limited jurisdiction. Ordinarily, a plaintiff must establish either diversity jurisdiction or federal jurisdiction to permit this Court to hear the case. Diversity jurisdiction allows federal courts to exercise original jurisdictions, in some circumstances, where

the dispute is between "citizens of different States" where the amount in controversy exceeds

$75,000. 28 U.S.C. § 1332. That does not appear to be the case here because (1) both Plaintiff and

the unknown Defendant are likely Maryland residents and (2) Plaintiff has not requested damages

in an amount exceeding $75,000. *See* ECF 7 at 4 (declining to specify an amount in controversy).

Federal question jurisdiction exists where at least one of a plaintiff's claims is brought pursuant to

the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has only

identified 18 U.S.C. §112(d), which is a criminal statute relating to "Protection of foreign officials,

official guests, and internationally protected persons." Plaintiff has not identified any federal

constitutional provision or law that would allow her to bring a private civil claim in federal court

for the type of theft-related incident she describes.

Accordingly, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Title 28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff

proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious,"

"fails to state a claim on which relief may be granted," or "seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v.*

*EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-

prisoner *pro se* litigants). For the reasons above, this court lacks jurisdiction and Plaintiff has

failed to state a claim on which relief can be granted. Her federal complaint must be dismissed

without prejudice and this case will be closed.

A separate Order follows.


July 9, 2025
_____
Date

/s/
_____
Stephanie A. Gallagher
United States District Judge